Daniel **SATIACUM** et al., **Appellants,**

v.

Melvin R. **LAIRD, Secretary of Defense, et al.**

No. 72–2054.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 4, 1972.

Decided Nov. 5, 1972.

Mr. Edward L. Genn, with whom Messrs. Ralph J. Temple, Washington, D.

C., and Terrence A. Sidley, Alexandria, Va., were on the motion, for appellants.

Mr. J. Michael McGarry, Asst. U. S. Atty., with whom Mr. R. Kenly Webster, Principal Deputy Gen. Counsel, Dept. of the Army, was on the opposition, for appellees.

Before BAZELON, Chief Judge, and McGOWAN and LEVENTHAL, Circuit Judges,

PER CURIAM:

The court has before it the application of Indians who seek to hold services at Arlington Memorial Cemetery, at the gravesites of two Indians buried there, and at the Amphitheatre for those who cannot be accommodated at those gravesites. It is represented in both the papers before us, and by formal representation in open court, that the services will be purely memorial, religious and ritual in nature, and without any characteristic of being "partisan"—a term used here, as it is used by the Government, to mean activities and expressions in support of or in opposition to policies of the Government.

There is no basis in the presentation of the case to us to dispute the veracity of the representation made by and in behalf of the plaintiff Indians. The Government did not contest the testimony of the Indian religious leader as to the nature of those services, including the ritual use of pipe and eagle feathers.

█ In considering the claim of plaintiff Indians that they are entitled to restrain the officers in charge of the Cemetery from prohibiting this service, we begin with the premise that the Government may validly prohibit partisan activity in the Cemetery.

The question arises out of the Government's position that the use of the Cemetery may be denied on the ground that the memorial and ritual service at the Cemetery is "closely related" to other activities of a partisan nature being conducted during this week outside the Cemetery, by Indians who will be part of

the group taking part in the service in the Cemetery.

Given the content of the services contemplated, as set forth above, they do not appear to be "closely related" to partisan activities outside the Cemetery.

In response to questions at oral argument yesterday, it appears that the Government is of the view that section 205(a)(3) [1] of the Department of the Army Technical Manual, governing Arlington National Cemetery operations, prohibits ceremonies at the Cemetery if they coincide in point of time with "partisan" activities outside the Cemetery, irrespective of the relationship between the content of the services and outside activities.

A serious question is presented whether such a regulation does not unduly trammel freedom of religion, by prohibiting memorial, religious services inside the Cemetery. There may also be a question as to the impingement on the right of free speech outside the Cemetery, and the right to visit the seat of Government to present grievances, by requiring those exercising such a right to give up a right of religious nature sought to be exercised during the same general period of time.

The papers before us further indicate that the application to hold the ceremonies was made in behalf of Indians who were coming to Washington merely for this purpose as well as Indians who were during the same period engaged in activities to seek changes in legislative or executive programs.

█ In view of these points, and in view of the absence of a close relationship between the proposed services and outside activities, the court concludes that plaintiffs have met their burden of showing a likelihood of success on the merits on the ground that the legal premise underlying the District Court's denial of relief is erroneous. In view of the constitutional rights involved, plaintiffs plainly will suffer irreparable injury unless the relief sought is granted.

Bennett v. McNamara, Civil Action No. 305–68 (D.D.C. February 5, 1968) motion for summary reversal and/or stay denied, No. 21,643 (D.C.Cir. February 6, 1968), relied on by defendants, does not call for a contrary result. Plaintiffs themselves in *Bennett* described in their papers the Arlington services "as an integral part" of their activities outside the Cemetery. From this, it was reasonably inferable that words and acts in the Cemetery services would relate to outside activities of a partisan nature. The services there contemplated, however dignified and ceremonial, were intended to be an integral part of the "partisan" efforts to change Government programs. The *Bennett* plaintiffs had come to Washington for the purpose of protesting the war in Vietnam, and their memorial service at Arlington for those who had died in that war was so clearly identified in content with the partisan nature of plaintiffs' visit, that it could fairly be said that the services themselves were an expression of policy of a partisan nature.

Government counsel have indicated that they may wish to present this matter to the Supreme Court. Accordingly, our order will be stayed in effect until Monday noon, November 6, 1972.

### APPENDIX

Department of the Army, Technical Manual 10–287, section 205(a)(3), states:

Partisan activities are inappropriate in national cemeteries, and all services or any activities inside the cemetery connected therewith must be nonpartisan in nature. A service will be considered partisan and therefore inappropriate if it includes commentary in support of an [*sic*] opposition to, or attempts to influence, any current policy of the Government of the United States or any state of the United States. If the service, although itself purely memorial, is closely related to

---

I. The regulation appears as an appendix following this opinion.

partisan activities being conducted outside the cemetery, it will be considered partisan and therefore inappropriate.